## City of Newport v. Board of Education.

(Decided November 23, 1917.)

### Appeal from Campbell Circuit Court.

1.  Appeal and Error—Former Opinion—Law of the Case.—A former opinion of this court directing a judgment to be entered for the appellee in this action is the law of the case, and the validity of the judgment is not open to further contest.
2.  Judgment—Defense to Collection of.—It is no defense to the collection of a judgment for the execution defendant to say that his creditor will misapply the fund if paid.

BRENT SPENCE for appellant.

FRANK V. BENTON for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Pursuant to the mandate issued by this court in Board of Education of Newport v. City of Newport, 174 Ky. 28, the 'Campbell circuit court entered a judgment, on March 21, 1917, awarding the board of education a judgment against the city of Newport for $23,116.00, for delinquent taxes collected by it for school purposes. The city having failed to pay the judgment, the board of education filed this action on April 13, 1917, to compel the city either to pay the judgment or levy a tax sufficient to pay the debt, in case it did not have sufficient funds on hand to pay it.

The answer confessed a willingness to pay the debt, but objected to doing so because the board of education, in its estimate of the probable amount of money necessary for conducting the schools for the year 1917, had properly included the judgment in its list of resources, as it was required to do by subsection 26 of section 3235a of the Kentucky Statutes, but had improperly and unlawfully placed it in the Site and Building Fund of the board. The contention of the answer is that the proceeds of the judgment must be used only for the maintenance of the schools, and that unless it is included as a resource at the time it is received by the plaintiff it will be forever lost as a credit to the city.

The circuit court granted the prayer of the petition and the city appeals.

We see no merit in either of these contentions. The substance of the answer is that the city will pay the

judgment if the board of education will estimate it as a resource for maintaining the schools. But, the former opinion by this court is the law of the case. The city owes the money and it will be presumed the board of education will apply it properly; and, if it should attempt to misapply it, any taxpayer can prevent it.

In this action to enforce the collection of the judgment it is no answer to say that the defendant will pay the debt provided the creditor will apply the proceeds to a particular purpose. The estimate is required for the purpose of governing the city's board of commissioners in fixing a tax rate that will maintain the schools, provide a sinking fund, a site and building fund, etc. If the school tax has not been levied for 1917, the amount of the judgment will constitute one of the resources of the appellee to be taken into consideration in fixing the tax rate for 1917; if the tax has been levied for 1917, the unexpended part of the proceeds of the judgment will be treated as a resource in fixing the tax rate for 1918. See extended opinion in Board of Education v. City of Newport, 174 Ky. 849.

Judgment affirmed.